MARY McGINNIS, ADMINISTRATRIX, ETC., RESPONDENT, v. THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

Argued June 29, 1922—Decided November 20, 1922.

1. It is the duty of a corporation that maintains and controls wires charged with a deadly current of electricity in a place where it is likely that persons, known or unknown, will come in contact therewith, to use reasonable care to maintain proper insulation of such current, and this involves reasonable care in inspection for the discovery of possible impairment or defects. The test of liability to a particular person is whether injury to him ought reasonably to have been anticipated.

2. The defendant corporation maintained a wire across a public highway eighteen or twenty feet above the surface of the street. It carried a deadly current of electricity. Plaintiff's decedent worked upon a pile driver, driving piling in the street for a foundation for gas mains for a public service company. A cable of the pile driver came in contact with the defendant's wire and the deadly current passed to and killed decedent. Whether or not the defendant's wire was maintained by legislative authority, and whether or not the work upon which decedent was engaged was done under a city permit, did not appear. *Held—*

(1) That the jury might infer negligence from evidence tending to show want of reasonable care in the insulation of the wire.

(2) That the mere fact that defendant's wire was strung eighteen or twenty feet above the surface of the street did not relieve it from liability, since, from the appearance of the pile driver and the place, progress and duration of the work, it was open to the jury to find that the defendant should have foreseen the danger and anticipated injury to the decedent.

(3) That the mere fact that the work in the street upon which decedent was engaged was being done without a permit from the city will not defeat recovery, since the absence of a permit did not contribute to the injury, and there is nothing to show that the work unreasonably interfered with the rights of the defendant or others in the street.

(4) That the mere fact that decedent worked in close proximity to the wire cannot be said as a matter of law to be negligence barring recovery, since the evidence tended to show that the wire was apparently safe, and that decedent was without knowledge of its dangerous character.

On appeal from the Supreme Court.

For the appellant, *Frederic B. Scott.*

For the respondent, *Frank G. Turner.*

The opinion of the court was delivered by

TRENCHARD, J. This is an action brought to recover damages under the "Death act" for the death of James J. McGinnis, who was electrocuted when a cable of the pile driver upon which he was working in Duffield avenue, Jersey City, came in contact with an overhead wire of the Delaware, Lackawanna and Western Railroad Company, carrying six thousand six hundred volts of electricity.

The jury at the Essex Circuit found a verdict for the plaintiff and the defendant appeals from the consequent judgment.

We are of the opinion that the judgment should not be disturbed.

A consideration of the reasons urged in support of the motion for a direction of a verdict for the defendant will, in effect, dispose of every ground of appeal.

The defendant maintains that its motion should have been granted because "there was no proof that the wire that caused death was owned, controlled and used by the defendant." But that contention is not well founded in fact. From the testimony of O'Rourke at the trial, the photograph and map in evidence, and the admission of the defendant, the jury was justified in finding, if they saw fit, that the wire in question was owned, controlled and used by the defendant.

It is contended that the motion should have been granted because "there was no negligence whatsoever shown on the part of the defendant." But that is not so.

The general rule is that it is the duty of a corporation that maintains and controls wires charged with a deadly current of electricity in a place where there is likelihood of human contact therewith, to use reasonable care to maintain proper insulation of such current, and this involves reasonable care in inspection for the discovery of possible impairment or defects. *Barnett* v. *Atlantic City Electric Co.,* 87 *N. J. L.* 29; *Anderson* v. *Jersey City Electric Light Co.,* 63 *Id.* 387.

In the instant case the evidence tended to show that the defendant strung and maintained the wire, carrying a deadly current of electricity, across the public highway and that such wire caused decedent's death. It also tended to show a want of reasonable care in the insulation of that wire.

It is also to be noted that no legislative authority for the defendant to maintain this wire is disclosed by the record. Of course if this wire was a public nuisance no degree of care would relieve defendant from liability to respond for damages arising from it. *McAndrews* v. *Collerd,* 42 *N. J.*

*L.* 189. But that question we do not deem it essential to consider.

The defendant further contends that it is not liable because "there was no proof that the defendant was bound to notice that an accident of the kind and character that happened was apt to happen." But that contention also is ill founded.

The underlying principle is that in all cases in which any person undertakes the performance of an act which, if not done with care and skill, will be highly dangerous to the persons or lives of one or more persons, known or unknown, the law, *ipso facto,* imposes as a public duty the obligation to exercise such care and skill. *Van Winkle* v. *American Steam Boiler Co.,* 52 *N. J. L.* 240, 247; *Wilson* v. *Brauer,* 97 *Id.* 482. The test of the defendant's liability to a particular person is whether injury to him ought reasonably to have been anticipated. *Guinn* v. *Delaware and Atlantic Tel. Co.,* 72 *Id.* 276.

The defendant says that because the dangerous wire was strung eighteen or twenty feet above the surface of the street it ought not reasonably to have anticipated that the decedent would be injured. But that is a question about which reasonable men might well differ. There is said to be no proof that defendant had actual notice of the close proximity of the work. Even so, the decedent was a worker on a pile driver engaged in driving piling for a foundation for gas mains of the Public Service Gas Company in a public street. In doing that work the pile driver, for a week and upwards, had been steadily approaching the dangerous wire of the defendant, until at last it was but eighteen inches away. Mere casual observation would have disclosed that there was attached to the pile driver a cable sufficiently high to be likely to come in contact with the defendant's wire. And we think the question whether the defendant should have foreseen that work of that sort, with that sort of machine, was likely to be done in the street in close proximity to the deadly wire, and ought reasonably to have anticipated the injury to the decedent, was, in the circumstances, a ques-

tion for the jury and not for the court. The case differs from *Malatesta* v. *Atlantic City & S. R. R. Co.,* 88 *N. J. L.* 207. There the dangerous wire was maintained upon *the property of the defendant* by legislative authority. Here the deadly wire was maintained.*in the public highway* without legislative authority so far as appears.

We are further asked to say that a verdict should have been directed for the defendant because it did not appear that either the decedent's employer or the Public Service Gas Company, for whom the work was being done, had obtained a permit from the city authorities to do the work.

But the fact, if it be the fact, that the work was being done in the street without a permit from the city will not defeat recovery where, as here, the absence of a permit did not contribute to the injury. *Delaware, Lackawanna and Western Railroad Co.* v. *Trautwein,* 52 *N. J. L.* 169; *Guinn* v. *Delaware and Atlantic Tel. Co.,* 72 *Id.* 276; *Lynch* v. *Public Service Corp.,* 82 *Id.* 712. It cannot be said that had the decedent's employer possessed a permit at the time of contact with the wire, decedent's injury would have been any the less certain or serious. The absence of a permit was merely a condition and not a contributory cause of the injury. There is nothing to indicate that had a permit been applied for the situation or conduct of either party would have been in anywise different, since it is reasonable to suppose that, if granted, it would have been granted entirely regardless of the defendant's wire, because, so far as appears, the wire was in the street without either legislative or municipal authority. Moreover, there is nothing in the record to show that the work upon which decedent was engaged unreasonably interfered with the rights of the defendant or others in the street.

The defendant further maintains that the decedent was guilty of contributory negligence barring recovery, because of his knowledge of the danger.

But the evidence upon that head was conflicting and it was open to the jury to find that decedent had no such knowledge. And of course the rule is that working in close proximity to wires which are apparently safe and without

knowledge of their dangerous character, cannot be said to be negligence as a matter of law. *Sommer* v. *Public Service Corporation,* 79 *N. J. L.* 349.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 14.

*For reversal*—None.